JOHN F. JUDGE *et al.*, Defendants in Error, *v.* HENRY LACKLAND *et al.*, Plaintiffs in Error.

### November 20, 1876.

1. An instrument purporting to convey real estate, an inspection of which does not disclose that it is void, but which is really so, constitutes a cloud upon the title which courts of equity will remove.

2. Where the contrary is not shown, the person having the exclusive legal title to real estate is presumed to be in possession.

3. Courts of equity cannot set aside the probate of a will, but may declare the will, as probated, void.

ERROR to St. Charles Circuit Court.

*Affirmed.*

*B. B. Kingsbury*, for plaintiffs in error, cited: Gamble *v.* City of St. Louis, 12 Mo. 620; City of St. Louis *v.* Goode, 21 Mo. 216; Drake *v.* Jones, 27 Mo. 428; Janney *v.* Spedden, 38 Mo. 395; Kuhn *v.* McNiel, 47 Mo. 389; McPike *v.* Peir, 48 Mo. 525; Clark *v.* Covenant Mutual Life Ins. Co., 52 Mo. 272; Stockton, Exr., *v.* Ransom, Admr., 60 Mo. 535; Cox *v.* Clift, 2 Comst.; Van Doren *v.* Mayor of New York, 9 Paige, 388; Hotchkiss *v.* Etting, 36 Barb. 38; Head *v.* James, 13 Wis. 641; Weller *v.* City of St. Paul, 5 Minn. 95: Moore *v.* Cord, 14 Wis.

213; Levy *v.* Hart, 54 Barb. 248; Graham *v.* City of Carondelet, 33 Mo. 262; Wag. Stat. 110, 119, sec. 1, p. 1022, sec. 53; Burton *v.* Gleason, 56 Ill. 25; Comstock *v.* Hennebury, 66 Ill. 212; Lake Begler Road Co. *v.* Bedford, 3 Nev. 399; Ham *v.* Jones, 28 Cal. 194; Kennerly *v.* Sheply, 15 Mo. 648; Aübuchon *v.* Lowery, 23 Mo. 99; Chambers *v.* Right, 40 Mo. 485; Adams' Eq., 4th Am. ed., 249, 534; Story's Eq., 4th ed., sec. 1447, and note; Latham *v.* Wright, 11 Eng. Ch. R. 13; *s. c.*, in 2 Russ. & M. 1; Burrows *v.* Rayland, 6 Humph.; Watson *v.* Bethwell, 11 Ala. 650; Townsend *v.* Townsend, 4 Coldw. 70; Jourdan *v.* Meier, 31 Mo. 40; Cleary *v.* Alverson, 43 Mo. 13; Dilworth *v.* Rice, 48 Mo. 131.

*A. Moore Berry*, for defendants in error, cited: Const. Mo. 1865, art. 1, secs. 12, 13; Gamble *v.* City of St. Louis; 12 Mo. 617; Clark *et al. v.* Covenant Mutual Life Ins. Co., 52 Mo. 272; Volger *v.* Montgomery *et al.*, 54 Mo. 577; Kenrick *v.* Cole, Exr., 61 Mo. 572; Story's Eq. Jur., sec. 699 *et seq.*, and notes; Merchants' Bank *et al. v.* Evans *et al.*, 51 Mo. 335.

Bakewell, J., delivered the opinion of the court.

This is a proceeding to remove an alleged cloud upon the title to certain real estate in St. Charles County.

The petition states that on December 29, 1871, James Judge died, leaving his last will, which was probated in St. Charles County, by which he devised one undivided half of all his property to defendants Spalding and Lewis, as trustees, for the use and benefit of a religious denomination known as the New Church; that it appears by the inventory filed by defendants Lackland and Johns, the executors of said will, that testator's personalty is worth $5,000, and that he died seized in fee of more than 4,000 acres of land in St. Charles County, describing it; that the said New Church is a religious denomination; that the real estate attempted to be devised exceeds five acres; that there is not, and never has been, a congregation or society of said

New Church in St. Charles County; that plaintiffs are the heirs of James Judge, and, as such, own said real estate of which he died seized; that defendants claim title to the same under said devise, by reason of which a cloud is thrown upon the title of plaintiffs; that defendants Lackland and Johns, as executors, are proceeding to execute the provisions of said will to the manifest prejudice of plaintiffs; that defendant Charlotte Judge, widow of testator, is made a devisee of the undivided half of the estate of deceased, and is made a defendant because she refuses to be a party plaintiff. The prayer is for a decree setting aside said pretended devise to said church, and the probate of said will, as not being in law the last will of deceased, and as being a cloud upon the title of plaintiffs, and that defendant be restrained from holding, claiming, or asserting any right or title in or to the said realty or personal estate, or any part thereof, by virtue of said devise.

To this petition defendants demurred and the demurrer was overruled; and, defendants refusing further to plead, a decree was entered that so much of the will of James Judge, set out in the petition, as devises all the rest and residue of the estate of said Judge to the trustees named in the petition, for the purposes set out in the petition, and the devise thereby attempted to be made, is absolutely inoperative, null, and void. The real estate is set out in the decree as in the petition, and the devise of the rest and residue of the same declared void.

The cause was brought here by defendants by writ of error.

There is no question that, at the time of the execution and probate of this will, under sections 12 and 13, article 1, of the then Constitution of this State, any devise of lands to any religious sect, order, or denomination, or for the support or benefit thereof, or in trust therefor, was void if the quantity exceeded five acres in the country or one acre in the city.

If it appeared from the face of this will that more than five acres were devised to trustees for a religious denomination, that devise would be plainly void, and would be no cloud upon the title of the heirs, and this proceeding could not be maintained. But the devise is of the rest and residue of an estate not described in the will; and the amount of real estate thus devised can only be ascertained by facts outside of the instrument itself. We do not, therefore, think the devise so palpably void upon its face that it can be pronounced not to be a cloud upon the title of plaintiffs.

It is, however, said that plaintiffs are not in possession of the land, and, therefore, cannot maintain this proceeding. We will not presume that plaintiffs are not in possession. The facts alleged in the petition, that the executors have filed an inventory describing this real estate, and are designing to account to the trustees for the rents and profits, is not an allegation that plaintiffs are not in possession. Where the contrary does not appear, the person having the exclusive legal title to real estate is presumed to be in possession.

It is true, as claimed by plaintiffs in error in the brief filed herein, that a court of equity cannot set aside the probate of the will. The statute provides the manner in which that can be effected in Missouri. But the decree in this case does not set aside the proof of the will, but declares a certain bequest and devise in a will void, upon the statement of certain facts admitted to be true by demurrer. The devise was void, and it was a cloud upon the title of plaintiffs. We think they were entitled to the relief demanded, and see no error in the record for which the judgment should be reversed.

The judgment of the Circuit Court is affirmed. Judge GANTT concurs; Judge LEWIS, of counsel below, did not sit.